*22 OPINION.
Siepkin :
The error assigned is the holding of the respondent that the petitioner, during the year 1919, was not a personal service corporation.
Section 200 of the Eevenue Act of 1918 provides in part:
*23 The term “personal service corporation” means a corporation whose income is to be ascribed primarily, to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor; but does not include any foreign corporation, nor any corporation 50 per centum or more of whose gross income consists either (1) of gains, profits or income derived from trading as a principal, or (2) of gains, profits, commissions, or other income, derived from a Government contract or contracts made between April 6, 1917, and November 11, 1918, both dates inclusive.
John B. Crosby and Percy E. Hawkins, holders, during Í919, of approximately 72 per cent and 25 per cent, respectively, of stock of the petitioner, were regularly engaged in the active conduct of the business of the petitioner and the income of the petitioner was ascribable primarily to their activities, particularly to the activities of Crosby, who was widely known as an authority on lumber advertising. These two stockholders did all the responsible work and the nonstockholding employees did only general office work.
About 97 per cent of the income of the petitioner in 1919 was derived from commissions charged its clients based upon the gross billing of advertising space petitioner had reserved for the clients and upon the amount of material bills. Petitioner billed its clients so that payment might be received before petitioner paid the publishing concerns which carried the advertisements, or the other concerns which furnished materials. No client of the petitioner in 1919 failed to pay petitioner before the date the bills to the petitioner were due. The petitioner never made advances or loans to its clients. Capital was not a material income-producing factor.
The petitioner, having met all the requirements of section 200 of the Revenue Act of 1918, is entitled to personal service classification for the year 1919. See Sweeney & James Co., 10 B. T. A. 966, and Fuller & Smith v. Routzahn, 23 Fed. (2d) 959.
Reviewed by the Board.

Judgment will be entered for the petitioner.